1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JUAN MOREYRA, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, a New York corporation; BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., a Delaware corporation; FRESENIUS MEDICAL CARE NORTH AMERICA LIMITED PARTNERSHIP, a Delaware limited partnership; FRESENIUS MEDICAL CARE NORTH AMERICA HOLDINGS LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1 THROUGH 100, inclusive;<br><br>Defendants. | Case No. SACV10-517 JVS (RZx)<br><br>**[~~PROPOSED~~] ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL** |

LA:282477.4

1   **WHEREAS**, the parties agreed to and filed a Stipulated Protective Order and
2   [Proposed] Order with the Court on September 22, 2010 (Dkt. No. 34), and filed a
3   revised Stipulated Protective Order regarding the same on September 27, 2010 (Dkt.
4   No. 35);

5   **WHEREAS**, the Court denied the parties' Stipulated Protective Order on
6   September 30, 2010, on the basis that Federal Rule of Civil Procedure 26(c) requires a
7   good cause showing, based on particular and specific demonstration of fact, for entry
8   of a protective order (Dkt. No. 36);

9   **WHEREAS**, the parties respectfully seek to address and correct any
10  deficiencies in their previous Stipulated Protective Order;

11  **WHEREAS**, litigants frequently seek, and courts routinely grant Stipulated
12  Protective Orders in order to facilitate discovery and to enable the parties to protect
13  their confidential, proprietary, and/or trade secret information, *see, e.g., Foltz v. State*
14  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) ("Among the goals
15  furthered by protective orders is reducing conflict over discovery and facilitating the
16  flow of information through discovery.") (quoting 8 Charles Alan Wright, Arthur R.
17  Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2044.1 (2d ed.
18  1994)); *Tumbling v. Merced Irrigation Dist.*, 262 F.R.D. 509, 514 (E.D. Cal. 2009)
19  ("Protective orders provide a safeguard for parties and other persons in light of the
20  otherwise broad reach of discovery.") (citing *United States v. CBS, Inc.*, 666 F.2d 364,
21  368-69 (9th Cir. 1982));

22  **WHEREAS**, courts have found good cause to enter into Stipulated Protective
23  Orders where the parties represent that they may disclose third party confidential
24  information, or confidential, trade secret, or proprietary information during the course
25  of discovery, *see, e.g., Houdini, Inc. v. Goody Baskets, L.L.C.*, No. CV-04-9574, 2005
26  WL 6070180 (C.D. Cal. Nov. 3, 2005);

27  **WHEREAS**, pursuant to Rule 29 of the Federal Rules of Civil Procedure, the
28  parties have stipulated to the procedures set forth below regarding the use of material

1

1    disclosed as part of the discovery process in this case; and

2           **WHEREAS**, the procedures set forth below are in compliance with the local

3    rules regarding the filing of documents under seal and do not alter the requirement of

4    a particularized showing of specific prejudice or harm for sealing documents filed

5    with the Court, *see, e.g., Foltz*, 331 F.3d 1122; *Young v. Actions Semiconductor Co.,*

6    *Ltd.*, Civil No. 06cv1667-L(AJB), 2007 WL 2177028, at *3 (S.D. Cal. July 27, 2007)

7    (entering a blanket protective order prior to production of documents, which is "not

8    uncommon," but requiring the parties to make "good cause" showing under Rule

9    26(c) when attempting to file documents under seal);

10                              **GOOD CAUSE STATEMENT**

11          **WHEREAS**, the parties submit that GOOD CAUSE EXISTS in this case for

12   the issuance of this Stipulated Protective Order Regarding the Exchange of

13   Confidential Material ("Stipulated Protective Order") for the following reasons:

14          •       Plaintiff Juan Moreyra ("Plaintiff"), a former employee of Defendant

15   Bio-Medical Applications of Mission Hills, Inc. ("BMAMH"), brought this lawsuit

16   initially against BMAMH and affiliated entities Fresenius Medical Care Holdings,

17   Inc. d/b/a Fresenius Medical Care North America ("FMCNA"), and Fresenius Medical

18   Care North America Limited Partnership; on August 2, 2010, the Court granted the

19   parties' stipulation to dismiss Fresenius Medical Care North America Limited

20   Partnership (Dkt. No. 27); and on November 16, 2010, Plaintiff filed a Second

21   Amended Complaint (Dkt. No. 41) naming the following defendants FMCNA,

22   BMAMH, National Medical Care, Inc., Bio-Medical Applications of Long Beach,

23   Inc., Bio-Medical Applications of California, Inc., Bio-Medical Applications of

24   Camarillo, Inc., Bio-Medical Applications of Carson, Inc., Bio-Medical Applications

25   of Eureka, Inc., Bio-Medical Applications of Fremont, Inc., Bio-Medical Applications

26   of Fresno, Inc., Bio-Medical Applications of Glendora, Inc., Bio-Medical

27   Applications of Los Gatos, Inc., Bio-Medical Applications of Oakland, Inc., Bio-

28   Medical Applications of Ukiah, Inc., Conejo Valley Dialysis, Inc., San Diego Dialysis

Services, Inc., and Santa Barbara Community Dialysis Center, Inc. ("Defendants") on behalf of himself and others similarly situated, alleging violations of California Labor Code sections 226.7, 227.3, 226, failure to pay overtime, and violation of California Business & Professions Code section 17200 *et. seq.*;

• On behalf of all putative class members, Plaintiff seeks to recover unpaid meal break premiums, unpaid overtime compensation, waiting time penalties, vested vacation wages, and their attorneys' fees and costs;

• Plaintiff propounded his first set of document requests and interrogatories to Defendants on July 17, 2010 and his second set of document requests and interrogatories on November 5, 2010 seeking, among other things:

(i)   documents containing private and personal, employment, and financial information of individual persons, for both parties and non-parties, including but not limited to –personnel and payroll documents which contains these individuals' employment history with Defendants, personal contact information, birthdates, medical information, job performance, payroll information, itemized wage statements, and time records;

(ii)   nonpublic, confidential, proprietary, commercially sensitive and/or trade secret information pertaining to Defendants' financial databases which contain confidential information regarding employees' wages and payroll data;

(iii)   documents reflecting Defendant's confidential, proprietary, and commercially sensitive policies, practices and procedures, relating to human resources and general business operations; and

(iv)   names, addresses, and telephone numbers of Defendants' current and former employees.

• Disclosure of the above-referenced documents and information to persons who are not entitled to such information carries the danger of compromising

[PROPOSED] ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

the competitive business interests of the parties in the above-entitled action, and also risks invasion of legitimate personal and family privacy interests of non-parties;

- Discovery is ongoing, and the parties will likely seek additional disclosure of information claimed by a party or non-party to be confidential, proprietary, commercially sensitive and/or trade secret information;

- The issuance of this Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such information; and

- The issuance of this Order will protect the parties' interests by providing the parties recourse in this Court in the event that a party or non-party improperly handles confidential, proprietary, or sensitive information that the parties have had to exchange in the course of discovery propounded and depositions taken in this action;

**WHEREAS**, the parties hereto, by and through their respective counsel, agree and stipulate as follows:

**IT IS HEREBY STIPULATED THAT**:

1. "Confidential" data, documents, and information, as that term is used in this Stipulated Protective Order, means data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that is produced or supplied by any party or non-party in this action, including, but not limited to: (a) confidential and proprietary business and/or financial information; (b) non-public information about any individual or individuals, including personnel records, performance evaluations, compensation levels, databases, time records, medical records, or other information incorporating or aggregating information pertaining to individuals; and/or (c) other information the disclosure of which is restricted or prohibited by applicable law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

4

2.      A party may designate information disclosed during a deposition or in response to written discovery as **"CONFIDENTIAL"** by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party may designate in writing, within twenty (20) days after receipt of the responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "**CONFIDENTIAL**" information.  Upon such designation, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 6 below.  All documents and information designated **"CONFIDENTIAL**" are hereinafter identified as "Confidential Information."

### ACCESS TO AND USE OF PROTECTED MATERIAL

3.      All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purposes of the prosecution or defense of this case.

4.      Except with the prior written consent of the disclosing party, or upon prior order of the Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed by the receiving party to any person other than:

a.      counsel for the respective parties to this case, including counsel and co-counsel retained for this litigation, and the legal staff and employees of such counsel who are working on this action;

b.      individual parties (including Plaintiff) and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

c.      consultants or expert witnesses retained for the prosecution or defense of this litigation, and their employees who are working on this action, provided that each

5

1   such person shall execute a copy of the Certification attached as Exhibit A before

2   being shown or given any Confidential Information;

3         d.      the Court, its employees, court reporters, and the jury;

4         e.      any mediator, arbitrator, or other alternate dispute resolution facilitator

5   retained for this litigation, subject to the confidentiality inherent in such proceedings;

6         f.      witnesses and potential witnesses in preparation for, and in the course of,

7   depositions or interviews, if, in the reasonable and good faith opinion of the parties'

8   counsel, examination with respect to such information is for legitimate litigation

9   purposes.  Non-party witnesses and potential witnesses shall sign a copy of the

10  Certification attached as Exhibit A before being shown  any Confidential Information

11  outside of legal proceedings, such as depositions, that take place in the presence of

12  counsel for the disclosing party;

13        g.      employees and former employees of Defendants may be shown their own

14  personnel records; and

15        h.      professional vendors including persons or entities that provide litigation

16  support services (e.g. photocopying, videotaping, translating, preparing exhibits or

17  demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and

18  their employees and subcontractors

19        5.      Any persons receiving Confidential Information shall not reveal or

20  discuss such information to or with any person who is not entitled to receive such

21  information, except as set forth herein.

22                          **FILING PROTECTED MATERIAL**

23        6.      In the event that counsel for any party desires to file with the Court any

24  document which includes any Protected Material, such document shall be filled

25  separately in a sealed envelope and include a written application and proposed order

26  in conformity with Central District of California Local Rule 79-5.1.

27

28

[PROPOSED] ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.     If a receiving party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential Information," the receiving party must immediately notify the designating party, in writing and in no event more than five (5) court days after receiving the subpoena or Court order.  Such notification must include a copy of the subpoena or Court order.

8.     The receiving party also must immediately inform in writing that Party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

9.     The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued.  The designating party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another Court.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

10.     If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-designating party with a good faith explanation of why the challenging party is prejudiced by the confidential designation.  Upon request by challenging party, the designating party shall meet and confer within five (5) days.  The designating party shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party seeking the

7

1   order has the burden of establishing that the document is entitled to protection.

2   Notwithstanding any challenge to the designation of material as Confidential

3   Information, all documents shall be treated as such and shall be subject to the

4   provisions hereof unless and until one of the following occurs:

5        a.    the party who claims that the material is Confidential Information

6   withdraws such designation in writing; or

7        b.    the party who claims that the material is Confidential Information fails to

8   apply to the Court for an order designating the material confidential within the time

9   period specified above after receipt of a written challenge to such designation; or

10        c.    the Court rules the material is not Confidential Information.

11   **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

12        11.    If a producing party produces any data, documents, or information that

13   the producing party thereafter claims to be privileged or protected attorney work

14   product, the producing party will give notice thereof to the receiving party in writing.

15   Within five (5) days, the document, data or information in question (and all notes and

16   work product quoting, referring or relating thereto) will then be returned to the

17   producing party, and the receiving party will certify that any and all copies have been

18   retrieved and destroyed.  If the receiving party has disclosed the information to others

19   before being notified of the claim of privilege or attorney work product protection, the

20   receiving party must take reasonable steps to retrieve and return or destroy the

21   disclosed information. The receiving party upon receiving a privilege log identifying

22   the document remains free to challenge any claim of privilege or attorney work

23   product protection, but shall not make any claim that the production of the document

24   effected a waiver of any privilege or protection.  Moreover, absent a ruling that the

25   document, data, or information at issue is not privileged or protected attorney work

26   product, a receiving party may not disclose nor make any use whatsoever of the

27   information disclosed in or derived from the document or information at issue.

28   Nothing in this agreement overrides any attorney's ethical responsibilities to refrain

1    from examining or disclosing materials that appear on their face to be privileged and

2    to disclose to the producing party that such materials have been produced.

3        12.    If a producing party inadvertently fails to stamp certain documents upon

4    their production, it may, at any time, designate such documents as

5    "**CONFIDENTIAL.**"  In that case, at the request and expense of the producing party,

6    and upon receipt of the new documents subsequently designated as

7    "**CONFIDENTIAL,**" the receiving party shall destroy the original documents

8    inadvertently not designated as "**CONFIDENTIAL**".  The receiving party shall not

9    be held liable or responsible for any disclosure prior to the subsequent designation of

10   the documents as "**CONFIDENTIAL.**"

11                    **DURATION AND FINAL DISPOSITION**

12       13.    The provisions of this Stipulated Protective Order shall not terminate at

13   the conclusion of this action.  Within thirty (30) days of the conclusion of the trial and

14   of any appeals or upon other termination of this litigation, all data, documents, and

15   information, and any copies thereof, marked **"CONFIDENTIAL"** under this

16   Stipulated Protective Order shall be destroyed or returned to the producing party upon

17   request of the producing party.

18       14.    This Stipulated Protective Order shall remain in effect until modified,

19   superseded or terminated by written consent of the parties hereto or by court order.

20                            **MISCELLANEOUS**

21       15.    Nothing herein shall be deemed to waive any applicable privilege or

22   work product protection, or to affect the ability of a party to seek relief for an

23   inadvertent disclosure of material protected by privilege or work product protection.

24

25       IT IS SO ORDERED, except that this Order shall not govern the production of

26   materials in connection with a dispositive motion, or at trial.  If any party desires

27   protection in connection with such proceedings, the party shall apply separately to the

28   judicial officer presiding over such proceedings, justifying such protection under the

1   standards applicable to such proceedings.

2

3   Dated: <u>January 05, 2011</u>                    _____

4                                              Honorable Ralph Zarefsky
                                               United States ~~District~~ Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL

**EXHIBIT A**

I have read and understand the Order Re Exchange of Confidential Material which governs the use and dissemination of information, materials and documents exchanged or disclosed in *Juan Moreyra v. Fresenius Medical Care Holdings, et al.*, SACV10-517 JVS (RZx), and I agree to be bound by its terms. Specifically, I agree to maintain the confidentiality of all information, documents and materials disclosed to me in this action governed by and subject to the provisions of the above-referenced Stipulation. I also agree to abide by the provisions of the Stipulation dictating the return or destruction of such information, documents and materials disclosed to me in this action.

Further, I hereby agree to submit to the jurisdiction of the above-entitled Court for enforcement of the undertaking I have made herein.


Dated: _____          Name: _____

[PROPOSED] ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL